```
ALLEN HYMAN, ESQ. (CBN: 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, California  91602
P: (818) 763-6289 or (323) 877-3405
F: (818) 763-4676
E-mail: lawoffah@aol.com


Attorneys for Plaintiff
JAMES STONICH
```

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY McCARTHY, an individual, and JAMES STONICH, an individual,<br><br>           Plaintiffs,<br><br>v.<br><br>BRUCE ANTHONY JOHANNESSON (p/k/a C.C. DeVILLE), an individual, BRET MICHAEL SYCHAK (p/k/a BRET MICHAELS), an individual, ROBERT HARRY KUYKENDALL (p/k/a BOBBY DALL), an individual, RICHARD ALLAN REAM (p/k/a RIKKI ROCKETT), an individual, SWEET CYANIDE MUSIC, INC., a California corporation, CAPITOL RECORDS, LLC, a Delaware Limited Liability company, and EMI MUSIC MARKETING, a business organization, form unknown,<br><br>           Defendants. | CASE NO. CV 12-2099 MMM (PLAx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW SPONSORSHIP OF JOSEPH MADONIA TO BE ADMITTED PRO HAC VICE TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>**DATE:**     **July 1, 2013**<br>**TIME:**     **10:00 A.M.**<br>**PLACE:**   **Before the Honorable Margaret M. Morrow U.S. District Court Judge Presiding** |

**I.**

**ADMISSION TO PRACTICE BEFORE THE CENTRAL DISTRICT**

Local Rules of the Central District, Local Rule 83.2.2, "Admission to Practice," provides in part as follows:

///

1

**MEMORANDUM OF POINTS AND AUTHORITIES TO WITHDRAW SPONSORSHIP**

> L.R. 83-2.2.1. *In General*. Admission to and continuing membership in the Bar of this Court <u>are limited to persons of good moral character</u> who are active members in good standing of the State Bar of California or Registered Legal Services Attorneys, pursuant to California Rule of Court 9.45.  If the attorney ceases to meet these criteria, the attorney will is subject to disciplinary rules of the court, infra.  (emphasis added)
>
> LR.83-2.2.2. *Familiarity With Federal Rules*. <u>An applicant (including pro hac vice applicant) for admission to practice before this Court shall certify the applicant's familiarity with the Local Rules, the Local Criminal Rules, the F.R.Civ.P., the F.R.Crim.P., and the F.R.Evid.</u> (emphasis added)
>
> L.R.83-2.3. Pro Hac Vice or Other Limited Appearance.
>
> L.R. 83-2.3.1. *Permission to Appear Pro Hac Vice*.  Any person who is not otherwise eligible for admission to practice before this Court, but who is a member of good standing of, and eligible to practice before, the bar of any United States Court, or of the highest court of any State, Territory or Insular Possession of the United States, <u>who is of good moral character</u>, and who has been retained to appear before this Court, may, upon written application and proof of payment of the fee as required by the Court, and in the discretion of the Court be permitted to appear and participate pro hac vice in a particular case. (emphasis added)

California Penal Code § 632, eavesdropping on or recording confidential communications, provides in part:

2

**MEMORANDUM OF POINTS AND AUTHORITIES TO WITHDRAW SPONSORSHIP**
S:\Shared Data\PC7\McCARTHY-MADONIA\MEMO_PA_MADONIA.wpd

> (a) Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.
>
> (c) The term "confidential communication" includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto...

A participant to a telephonic communication is not exempted from the prohibition against recording unless all other participants know and agree that it is being recorded People v. Suite 161, Cal. App. 3d 680 (1980); Freest E. Olson Inc v. Superior Court, 63 Cal. App. 3d 188 (1976).

The declaration of Carrie Blankenheim (Para., 10) indicates that Joseph Madonia recorded a telephone conversation with attorney Owen Sloan in Los Angeles, and other persons in Owen Sloan's office.

The declaration of Carrie Blankenheim (Paras., 12, 13 and 14) indicate that Joseph Madonia recorded telephone conversations of the Rule 16 meeting of counsel.

The declaration of James Stonich (Paras., 19 to 24) indicate Joseph Madonia recording of telephone conversations, and

3

**MEMORANDUM OF POINTS AND AUTHORITIES TO WITHDRAW SPONSORSHIP**

playing them to James Stonich and Billy McCarthy.

The declaration of James Stonich indicates Joseph Madonia using a Gordon Chang e-mail address as that of Joseph Madonia.

Given these disclosures of potential criminal conduct, attorney Allen Hyman must suggest to the Court that the conduct of Joseph Madonia is inconsistent with the requirements of "good moral character," and is inconsistent of the requirements of those who are admitted to practice before the California Bar.

As well, the conduct of Joseph Madonia recording a Rule 26(f) telephone conversation in this case by a counsel admitted Pro Hac Vice without the knowledge and consent of other counsel, is inconsistent with the standards to be admitted Pro Hac Vice in this case before this Court, and would normally subject an attorney to be referred to the committee on discipline pursuant to Local Rules 83-3.

**CONCLUSION**

For the reasons stated above, attorney Allen Hyman withdraws the sponsorship of Joseph Madonia to be admitted before the Central District of California.

Respectfully submitted,

DATED: April 24, 2013          By: /s/ Allen Hyman
                                   Allen Hyman, Esq.
                                   LAW OFFICES OF ALLEN HYMAN
                                   Attorneys for Plaintiff
                                   JAMES STONICH

**MEMORANDUM OF POINTS AND AUTHORITIES TO WITHDRAW SPONSORSHIP**

S:\Shared Data\PC7\McCARTHY-MADONIA\MEMO_PA_MADONIA.wpd