Robins, Kaplan, Miller & Ciresi L.L.P.
Mark D. Passin, Bar No.  (101195)
mdpassin@rkmc.com
Daniel G. Stone, Bar No. (265397)
dgstone@rkmc.com
2049 Century Park East
Suite 3400
Los Angeles, CA  90067-3208
Telephone:   310-552-0130
Facsimile:    310-229-5800

Attorneys for Poison Defendants
BRUCE ANTHONY JOHANNESSON, BRET
MICHAELS, BOBBY DALL, RIKKI ROCKETT,
and SWEET
CYANIDE MUSIC, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY MCCARTHY, an individual; and JAMES STONICH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BRUCE ANTHONY JOHANNESSON (p/k/a C.C. DeVILLE) an individual, BRET MICHAEL SYCHAK (p/k/a BRET MICHAELS), an individual, ROBERT HARRY KUYKENDALL (p/k/a BOBBY DALL), an individual, RICHARD ALLAN REAM (p/k/a RIKKI ROCKETT), an individual, SWEET CYANIDE MUSIC, INC., a California corporation, CAPITOL RECORDS, INC., a Delaware corporation, and EMI MUSIC MARKETING, a business organization, form unknown,<br><br>Poison Defendants. | Case No.  CV 12-2099-MMM (PLAx)<br><br>**DEFENDANTS BRUCE ANTHONY JOHANNESSON, BRET MICHAELS, BOBBY DALL, RIKKI ROCKETT, AND SWEET CYANIDE MUSIC, INC.'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60677578.3

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

## ANSWER

Defendants Bruce Anthony Johannesson, Bret Michaels, Bobby Dall, Rikki Rockett, and Sweet Cyanide Music, Inc. (collectively, the "Poison Defendants") hereby submit this Answer to Plaintiffs Billy McCarthy ("McCarthy") and James Stonich's ("Stonich") (collectively, "Plaintiffs") Second Amended Complaint ("Complaint") as follows:

## I.

## FIRST CLAIM FOR COPYRIGHT INFRINGEMENT

### (By Stonich Against All Defendants)

#### Jurisdiction

1.     The Poison Defendants admit that Plaintiffs purport to allege claims that arise under the United States Copyright Act, 17 U.S.C. §101 et seq. The Poison Defendants deny the remaining allegations, express or implied, in Paragraph 1 of the Complaint.

#### Parties

2.     The Poison Defendants admit the allegations in Paragraph 2 of the Complaint.

3.     The Poison Defendants admit the allegations in paragraph 3 of the Complaint.

4.     The Poison Defendants admit the allegations in paragraph 4 of the Complaint.

5.     The Poison Defendants admit the allegations in paragraph 5 of the Complaint.

6.     The Poison Defendants deny the allegations in paragraphs 6 of the Complaint but admit that Defendant Bobby Dall is an individual domiciled in Brevard County, Florida.

7.     The Poison Defendants deny that Richard Rockett is a Defendant, but admit the remaining allegations in paragraph 7 of the Complaint with respect to

1   Defendant Rikki Rockett.

2       8.      The Poison Defendants admit that they have been, and are, members of

3   the musical performing group known as "Poison."   The Poison Defendants deny

4   the remaining allegations, express or implied, in Paragraph 8 of the Complaint.

5       9.      The Poison Defendants admit that defendant Sweet Cyanide Music,

6   Inc., is a corporation organized and existing under the laws of the State of

7   California with its principal place of business in Los Angles, California. The Poison

8   Defendants deny the remaining allegations, express or implied, in Paragraph 9 of

9   the Complaint.

10      10.     The Poison Defendants are without knowledge or information

11  sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10

12  of the Complaint, and on that basis deny each and every one of those allegations,

13  express or implied.

14      11.     The Poison Defendants admit that Capitol Records, LLC produces,

15  distributes and licenses sound recordings.  The Poison Defendants deny the

16  remaining allegations, express or implied, in Paragraph 11 of the Complaint.

17      12.     The Poison Defendants are without knowledge or information

18  sufficient to form a belief as to the truth of the allegations in paragraph 12 of the

19  Complaint, and on that basis deny each and every one of those allegations, express

20  or implied.

21                          **Background Facts**

22      13.     The Poison Defendants are without knowledge or information

23  sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13

24  of the Complaint, and on that basis deny each and every one of those allegations,

25  express or implied.

26      14.     The Poison Defendants are without knowledge or information

27  sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14

28  of the Complaint, and on that basis deny each and every one of those allegations,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    express or implied.

2          15.    The Poison Defendants are without knowledge or information

3    sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15

4    of the Complaint, and on that basis deny each and every one of those allegations,

5    express or implied.

6          16.    The Poison Defendants are without knowledge or information

7    sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16

8    of the Complaint, and on that basis deny each and every one of those allegations,

9    express or implied.

10         17.    The Poison Defendants are without knowledge or information

11   sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17

12   of the Complaint, and on that basis deny each and every one of those allegations,

13   express or implied.

14         18.    The Poison Defendants are without knowledge or information

15   sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18

16   of the Complaint, and on that basis deny each and every one of those allegations,

17   express or implied.

18         19.    The Poison Defendants are without knowledge or information

19   sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19

20   of the Complaint, and on that basis deny each and every one of those allegations,

21   express or implied.

22         20.    The Poison Defendants are without knowledge or information

23   sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20

24   of the Complaint, and on that basis deny each and every one of those allegations,

25   express or implied.

26         21.    The Poison Defendants are without knowledge or information

27   sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21

28   of the Complaint, and on that basis deny each and every one of those allegations,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   express or implied.

2       22.    The Poison Defendants deny each and every one of the allegations in

3   paragraph 22 of the Complaint, express or implied.

4                **Copyright Registrations**

5       23.    The Poison Defendants are without knowledge or information

6   sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23

7   of the Complaint, and on that basis deny each and every one of those allegations,

8   express or implied.

9       24.    The Poison Defendants admit that Exhibit No. 1 attached to the

10   Complaint appears to be a copy of Copyright Registration No. SRu 19-822, which

11   document speaks for itself.  The Poison Defendants are without knowledge or

12   information sufficient to form a belief as to the truth or falsity of the remaining

13   allegations in Paragraph 24 of the Complaint, and on that basis deny those

14   allegations, express or implied.

15       25.    The Poison Defendants admit that Exhibit No. 2 attached to the

16   Complaint appears to be a copy of Copyright Registration No. SRu 25-491, which

17   document speaks for itself.  The Poison Defendants are without knowledge or

18   information sufficient to form a belief as to the truth or falsity of the remaining

19   allegations in Paragraph 25 of the Complaint, and on that basis deny those

20   allegations, express or implied.

21       26.    The Poison Defendants admit that Exhibit No. 3 attached to the

22   Complaint appears to be a copy of Copyright Registration No. SRu 27-674, which

23   document speaks for itself.  The Poison Defendants deny that Stonich changed the

24   title of "Let Me Be Your Record" to "Hit and Run."  The Poison Defendants are

25   without knowledge or information sufficient to form a belief as to the truth or

26   falsity of the remaining allegations in Paragraph 26 of the Complaint, and on that

27   basis deny those allegations, express or implied.

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

### Stonich's Copyright Infringement Claims

27.     The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint, and on that basis deny each and every one of those allegations, express or implied.

28.     The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint, and on that basis deny each and every one of those allegations, express or implied.

29.     The Poison Defendants deny that the deposit for SRu 27-674 included the recording and composition of "Hit and Run."  The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 of the Complaint, and on that basis deny each and every one of those allegations, express or implied.

30.     The Poison Defendants admit that Exhibit No. 4 attached to the Complaint appears to be a copy of a computer printout of U. S. Copyright Registration No. SRu 01042885, which document speaks for itself. The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30 of the Complaint, and on that basis deny those allegations, express or implied.

31.     The Poison Defendants admit that Exhibit No. 5 attached to the Complaint appears to be a copy of a June 6, 2012 letter from the U.S. Copyright Office, which document speaks for itself. The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31 of the Complaint, and on that basis deny those allegations, express or implied.

32.     The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32

1    of the Complaint, and on that basis deny those allegations, express or implied.

2        33.    The Poison Defendants are without knowledge or information

3    sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33

4    of the Complaint, and on that basis deny those allegations, express or implied.

5        34.    The Poison Defendants deny that the song "Hit and Run" was

6    registered on September 24, 1981. The Poison Defendants are without knowledge

7    or information sufficient to form a belief as to the truth or falsity of the remaining

8    allegations in Paragraph 34 of the Complaint, and on that basis deny those

9    allegations, express or implied.

10                                  **Access**

11        35.    The Poison Defendants deny each and every one of the allegations in

12   Paragraph 35 of the Complaint, express or implied.

13        36.    The Poison Defendants deny each and every one of the allegations in

14   Paragraph 36 of the Complaint, express or implied.

15        37.    The Poison Defendants deny each and every one of the allegations in

16   Paragraph 37 of the Complaint, express or implied.

17        38.    The Poison Defendants deny each and every one of the allegations in

18   Paragraph 38 of the Complaint, express or implied.

19        39.    The Poison Defendants deny each and every one of the allegations in

20   Paragraph 39 of the Complaint, express or implied.

21            **Kid Rocker Ceases Performing Stonich Departs**

22        40.    The Poison Defendants are without knowledge or information

23   sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40

24   of the Complaint, and on that basis deny those allegations, express or implied.

25        41.    The Poison Defendants are without knowledge or information

26   sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41

27   of the Complaint, and on that basis deny those allegations, express or implied.

28        42.    The Poison Defendants admit that McCarthy, Tracy Stevens and

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    Johannesson formed the rock group "Screaming Mimis" and that Stonich did not

2    participate in any manner in that group.   The Poison Defendants deny the

3    remaining allegations, express or implied, in Paragraph 42 of the Complaint.

4         43.    The Poison Defendants are without knowledge or information

5    sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43

6    of the Complaint, and on that basis deny those allegations, express or implied.

7         44.    The Poison Defendants deny each and every one of the allegations in

8    Paragraph 44 of the Complaint, express or implied.

9         45.    The Poison Defendants admit that Johannesson, McCarthy, and Tracy

10   Stevens rehearsed and performed as "Screaming Mimis." The Poison Defendants

11   deny each and every one of the remaining allegations, express or implied, in

12   paragraph 45 of the Complaint.

13        46.    The Poison Defendants admit that Johannesson joined with Defendants

14   Michaels, Dall, and Rockett and performed as the musical performing group

15   "Poison." The Poison Defendants deny each and every one of the remaining

16   allegations, express or implied, in paragraph 46 of the Complaint.

17                     **The Allegedly Infringing Works**

18        47.    The Poison Defendants admit that the Poison album entitled "Look

19   What The Cat Dragged In" contains ten (10) recordings. The Poison Defendants are

20   without knowledge or information sufficient to form a belief as to the truth or

21   falsity of the allegation in Paragraph 47 of the Complaint that "Look What The Cat

22   Dragged In" is in release presently, and on that basis deny that allegation. The

23   Poison Defendants deny the remaining allegations, express or implied, in Paragraph

24   47 of the Complaint.

25        48.    The Poison Defendants admit the allegations in paragraph 48 of the

26   Complaint.

27        49.    The Poison Defendants are without knowledge or information

28   sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    of the Complaint, and on that basis deny those allegations, express or implied.

2        50.    The Poison Defendants admit that the Poison album entitled "Open Up

3    and Say ... Ahh!"contains ten (10) recordings and includes a track entitled "Fallen

4    Angel." The Poison Defendants are without knowledge or information sufficient to

5    form a belief as to the truth of the allegations in Paragraph 50 of the Complaint that

6    "Open Up and Say ... Ahh" is presently available for sale, and that the album was

7    released in May, 1988, and on that basis deny those allegations. The Poison

8    Defendants deny the remaining allegations, express or implied, in Paragraph 50 of

9    the Complaint.

10       51.    The Poison Defendants admit the allegations in paragraph 51 of the

11   Complaint.

12       52.    The Poison Defendants admit that the Poison album entitled "Flesh &

13   Blood" contains fourteen (14) recordings and that "Ride The Wind" was the third

14   single off that album. The Poison Defendants are without knowledge or information

15   sufficient to form a belief as to the truth of the allegations in Paragraph 52 that

16   "Flesh & Blood" is presently available for sale, and that the album was released in

17   June, 1990, and on that basis deny those allegations. The Poison Defendants deny

18   the remaining allegations, express or implied, in Paragraph 52 of the Complaint.

19       53.    The Poison Defendants admit the allegations in paragraph 53 of the

20   Complaint.

21       54.    The Poison Defendants admit that in 1991, "Poison" released their first

22   live album, "Swallow This Live," by Capitol Records, which included "Ride the

23   Wind" and "Fallen Angel."   The Poison Defendants deny the remaining

24   allegations, express or implied, in Paragraph 54 of the Complaint.

25       55.    The Poison Defendants admit that Poison commenced recording the

26   album "Crack a Smile" in 1994 and that none of the tracks on that album are the

27   subject of the present action. The Poison Defendants are without knowledge or

28   information sufficient to form a belief as to the truth or falsity of the remaining

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    allegations in Paragraph 55 of the Complaint, and on that basis deny those

2    allegations, express or implied.

3        56.    The Poison Defendants admit the allegations in paragraph 56 of the

4    Complaint.

5        57.    The Poison Defendants admit the allegations in paragraph 57 of the

6    Complaint.

7        58.    The Poison Defendants admit the allegations in paragraph 58 of the

8    Complaint.

9        59.    The Poison Defendants admit the allegations in paragraph 59 of the

10   Complaint.

11                            **Billboard Charts**

12       60.    The Poison Defendants are without knowledge or information

13   sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60

14   of the Complaint, and on that basis deny those allegations, express or implied.

15       61.    The Poison Defendants are without knowledge or information

16   sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61

17   of the Complaint, and on that basis deny those allegations, express or implied.

18       62.    The Poison Defendants are without knowledge or information

19   sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62

20   of the Complaint, and on that basis deny those allegations, express or implied.

21       63.    The Poison Defendants are without knowledge or information

22   sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63

23   of the Complaint, and on that basis deny those allegations, express or implied.

24       64.    The Poison Defendants are without knowledge or information

25   sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64

26   of the Complaint, and on that basis deny those allegations, express or implied.

27       65.    The Poison Defendants are without knowledge or information

28   sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

of the Complaint, and on that basis deny those allegations, express or implied.

66.     The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 of the Complaint, and on that basis deny those allegations, express or implied.

67.     The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the Complaint, and on that basis deny those allegations, express or implied.

68.     The Poison Defendants deny each and every one of the allegations, express or implied, in paragraph 68 of the Complaint.

69.     The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the Complaint, and on that basis deny those allegations, express or implied.

70.     The Poison Defendants deny each and every one of the allegations, express or implied, in paragraph 70 of the Complaint.

71.     The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint, and on that basis deny those allegations, express or implied.

**Acts of Alleged Infringement**

72.     The Poison Defendants deny each and every one of the allegations, express or implied, in paragraph 72 of the Complaint.

73.     The Poison Defendants deny each and every one of the allegations, express or implied, in paragraph 73 of the Complaint.

74.     The Poison Defendants deny each and every one of the allegations, express or implied, in paragraph 74 of the Complaint.

75.     The Poison Defendants deny each and every one of the allegations, express or implied, in paragraph 75 of the Complaint.

76.     The Poison Defendants deny each and every one of the allegations, express or implied, in paragraph 76 of the Complaint.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO SECOND AMENDED COMPLAINT

**<u>Limitation of Actions as to Stonich</u>**

77.    The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 of the Complaint, and on that basis deny those allegations, express or implied.

78.    The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Complaint, and on that basis deny those allegations, express or implied.

79.    The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 of the Complaint, and on that basis deny those allegations, express or implied.

80.    The Poison Defendants deny that Stonich was not in contact with any other members of Kid Rocker from mid-1984 to 2010.  The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 80 of the Complaint, and on that basis deny those allegations, express or implied.

81.    The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint, and on that basis deny those allegations, express or implied.

**<u>From 1988 to 2007 Stonich Created The Business</u>**

**<u>"What Will They Think Of Next"</u>**

82.    The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the Complaint, and on that basis deny those allegations, express or implied.

83.    The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the Complaint, and on that basis deny those allegations, express or implied.

84.    The Poison Defendants are without knowledge or information

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO SECOND AMENDED
COMPLAINT

1  sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84

2  of the Complaint, and on that basis deny those allegations, express or implied.

3      85.    The Poison Defendants are without knowledge or information

4  sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85

5  of the Complaint, and on that basis deny those allegations, express or implied.

6      86.    The Poison Defendants are without knowledge or information

7  sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86

8  of the Complaint, and on that basis deny those allegations, express or implied.

9      87.    The Poison Defendants deny that Stonich was not in contact with any

10  former band members from late 1984 to 2011. The Poison Defendants are without

11  knowledge or information sufficient to form a belief as to the truth or falsity of the

12  remaining allegations in Paragraph 87 of the Complaint, and on that basis deny

13  those allegations, express or implied.

14      88.    The Poison Defendants are without knowledge or information

15  sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88

16  of the Complaint, and on that basis deny those allegations, express or implied.

17      89.    The Poison Defendants deny each and every one of the allegations,

18  express or implied, in paragraph 89 of the Complaint.

19      90.    The Poison Defendants deny each and every one of the allegations,

20  express or implied, in paragraph 90 of the Complaint.

21      91.    The Poison Defendants are without knowledge or information

22  sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91

23  of the Complaint, and on that basis deny those allegations, express or implied.

24      92.    The Poison Defendants are without knowledge or information

25  sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the

26  Complaint, and on that basis deny those allegations, express or implied.

27      93.    The allegations in paragraph 93 of the Complaint contain purported

28  legal argument and citations to legal authority which are not proper in a complaint

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   and to which no response is required.  Without waiving their objections to the

2   propriety of the allegations, the Poison Defendants deny each and every one of the

3   allegations, express or implied, in paragraph 93 of the Complaint.

4          94.    The Poison Defendants deny each and every one of the allegations,

5   express or implied, in paragraph 94 of the Complaint.

6          95.    The allegations in paragraph 95 of the Complaint contain purported

7   legal argument and citations to legal authority which are not proper in a complaint

8   and to which no response is required.  Without waiving their objections to the

9   propriety of the allegations, the Poison Defendants deny each and every one of the

10  allegations, express or implied, in paragraph 95 of the Complaint.

11         96.    The allegations in paragraph 96 of the Complaint contain purported

12  legal argument and citations to legal authority which are not proper in the

13  Complaint and to which no response is required.  Without waiving its objection to

14  the allegations, the Poison Defendants deny each and every one of the allegations,

15  express or implied, in paragraph 96 of the Complaint.

16         97.    The allegations in paragraph 97 of the Complaint contain purported

17  legal argument and citations to legal authority which are not proper in the

18  Complaint and to which no response is required.  Without waiving its objection to

19  the allegations, the Poison Defendants deny each and every one of the allegations,

20  express or implied, in paragraph 97 of the Complaint.

21         98.    The allegations in paragraph 98 of the Complaint contain purported

22  legal argument and citations to legal authority which are not proper in the

23  Complaint and to which no response is required.  Without waiving its objection to

24  the allegations, the Poison Defendants deny each and every one of the allegations,

25  express or implied, in paragraph 98 of the Complaint.

26         99.    The allegations in paragraph 99 of the Complaint contain purported

27  legal argument and citations to legal authority which are not proper in the

28  Complaint and to which no response is required.  Without waiving its objection to

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60677578.3                                    - 13 -                    ANSWER TO SECOND AMENDED
                                                                        COMPLAINT

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  the allegations, the Poison Defendants deny each and every one of the allegations,

2  express or implied, in paragraph 99 of the Complaint.

3      100.   The allegations in paragraph 100 of the Complaint contain purported

4  legal argument and citations to legal authority which are not proper in the

5  Complaint and to which no response is required.  Without waiving its objection to

6  the allegations, the Poison Defendants deny each and every one of the allegations,

7  express or implied, in paragraph 100 of the Complaint.

8      101.   The allegations in paragraph 101 of the Complaint contain purported

9  legal argument and citations to legal authority which are not proper in the

10  Complaint and to which no response is required.  Without waiving its objection to

11  the allegations, the Poison Defendants deny each and every one of the allegations,

12  express or implied, in paragraph 101 of the Complaint.

13      102.   The allegations in paragraph 102 of the Complaint contain purported

14  legal argument and citations to legal authority which are not proper in the

15  Complaint and to which no response is required.  Without waiving its objection to

16  the allegations, the Poison Defendants deny each and every one of the allegations,

17  express or implied, in paragraph 102 of the Complaint.

18      103.   The allegations in paragraph 103 of the Complaint contain purported

19  legal argument and citations to legal authority which are not proper in the

20  Complaint and to which no response is required.  Without waiving its objection to

21  the allegations, the Poison Defendants deny each and every one of the allegations,

22  express or implied, in paragraph 103 of the Complaint.

23      104.   The allegations in paragraph 104 of the Complaint contain purported

24  legal argument and citations to legal authority which are not proper in the

25  Complaint and to which no response is required.  Without waiving its objection to

26  the allegations, the Poison Defendants deny each and every one of the allegations,

27  express or implied, in paragraph 104 of the Complaint.

28      105.   The allegations in paragraph 105 of the Complaint contain purported

1   legal argument and citations to legal authority which are not proper in the

2   Complaint and to which no response is required.  Without waiving its objection to

3   the allegations, the Poison Defendants deny each and every one of the allegations,

4   express or implied, in paragraph 105 of the Complaint.

5        106.   The allegations in paragraph 106 of the Complaint contain purported

6   legal argument and citations to legal authority which are not proper in the

7   Complaint and to which no response is required.  Without waiving its objection to

8   the allegations, the Poison Defendants deny each and every one of the allegations,

9   express or implied, in paragraph 106 of the Complaint.

10        107.   The allegations in paragraph 107 of the Complaint contain purported

11   legal argument and citations to legal authority which are not proper in the

12   Complaint and to which no response is required.  Without waiving its objection to

13   the allegations, the Poison Defendants deny each and every one of the allegations,

14   express or implied, in paragraph 107 of the Complaint.

15        108.   The allegations in paragraph 108 of the Complaint contain purported

16   legal argument and citations to legal authority which are not proper in the

17   Complaint and to which no response is required.  Without waiving its objection to

18   the allegations, the Poison Defendants deny each and every one of the allegations,

19   express or implied, in paragraph 108 of the Complaint.

20        109.   The allegations in paragraph 109 of the Complaint contain purported

21   legal argument and citations to legal authority which are not proper in the

22   Complaint and to which no response is required.  Without waiving its objection to

23   the allegations, the Poison Defendants deny each and every one of the allegations,

24   express or implied, in paragraph 109 of the Complaint.

25        110.   The allegations in paragraph 110 of the Complaint contain purported

26   legal argument and citations to legal authority which are not proper in the

27   Complaint and to which no response is required.  Without waiving its objection to

28   the allegations, the Poison Defendants deny each and every one of the allegations,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60677578.3                                    - 15 -                        ANSWER TO SECOND AMENDED
                                                                                        COMPLAINT

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  express or implied, in paragraph 110 of the Complaint.

2      111.   The allegations in paragraph 111 of the Complaint contain purported

3  legal argument and citations to legal authority which are not proper in the

4  Complaint and to which no response is required.  Without waiving its objection to

5  the allegations, the Poison Defendants deny each and every one of the allegations,

6  express or implied, in paragraph 111 of the Complaint.

7      112.   The allegations in paragraph 112 of the Complaint contain purported

8  legal argument and citations to legal authority which are not proper in the

9  Complaint and to which no response is required.  Without waiving its objection to

10  the allegations, the Poison Defendants deny each and every one of the allegations,

11  express or implied, in paragraph 112 of the Complaint.

12      113.   The allegations in paragraph 113 of the Complaint contain purported

13  legal argument and citations to legal authority which are not proper in the

14  Complaint and to which no response is required.  Without waiving its objection to

15  the allegations, the Poison Defendants deny each and every one of the allegations,

16  express or implied, in paragraph 113 of the Complaint.

17      114.   The Poison Defendants deny each and every one of the allegations,

18  express or implied, in paragraph 114 of the Complaint.

19      115.   The Poison Defendants deny each and every one of the allegations,

20  express or implied, in paragraph 115 of the Complaint.

21      116.   The Poison Defendants deny the allegation in paragraph 116 of the

22  Complaint that the two Poison compositions at issue received limited airplay. The

23  Poison Defendants are without knowledge or information sufficient to form a belief

24  as to the truth or falsity of the remaining allegations in Paragraph 116 of the

25  Complaint, and on that basis deny those allegations, express or implied.

26      117.   The Poison Defendants are without knowledge or information

27  sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the

28  Complaint, and on that basis deny those allegations, express or implied.

118.  The allegations in paragraph 118 of the Complaint contain purported legal argument and citations to legal authority which are not proper in the Complaint and to which no response is required.  Without waiving its objection to the allegations, the Poison Defendants deny each and every one of the allegations, express or implied, in paragraph 118 of the Complaint.

119.  The Poison Defendants deny each and every one of the allegations, express or implied, in paragraph 119 of the Complaint.

120.  The Poison Defendants deny each and every one of the allegations, express or implied, in paragraph 120 of the Complaint.

## II.

## SECOND CLAIM FOR COPYRIGHT INFRINGEMENT

### (By McCarthy Against All Defendants)

121.  The Poison Defendants reallege and incorporate their responses to Paragraphs 1 through 71, inclusive.

### The McCarthy Claim for Copyright Infringement

122.  The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint, and on that basis deny those allegations, express or implied.

123.  The Poison Defendants admit that Exhibit No. 6 to the Complaint appears to be a copy of Copyright Registration No. SRu 054-792, which document speaks for itself. The Poison Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 123 of the Complaint, and on that basis deny those allegations, express or implied.

124.  The Poison Defendants admit that Johannesson, McCarthy, and Tracy Stevens formed the group "Screaming Mimis." The Poison Defendants deny each and every one of the remaining allegations, express or implied, in paragraph 124 of the Complaint.

125.  The Poison Defendants deny each and every one of the allegations,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  express or implied, in paragraph 125 of the Complaint.

2     126.   The Poison Defendants deny each and every one of the allegations,

3  express or implied, in paragraph 126 of the Complaint.

4     127.   The Poison Defendants deny each and every one of the allegations,

5  express or implied, in paragraph 127 of the Complaint.

6     128.   The Poison Defendants deny each and every one of the allegations,

7  express or implied, in paragraph 128 of the Complaint.

8  ## AFFIRMATIVE DEFENSES

9  ### FIRST AFFIRMATIVE DEFENSE

10 ### (Failure to State a Claim for Relief)

11    1.     The Complaint, and each alleged claim for relief therein, fails to state a

12 claim upon which relief can be granted.

13 ### SECOND AFFIRMATIVE DEFENSE

14 ### (Laches)

15    2.     The Complaint, and each alleged claim, and the relief sought therein

16 by Plaintiffs, are barred because of the equitable doctrine of laches.

17 ### THIRD AFFIRMATIVE DEFENSE

18 ### (Estoppel)

19    3.     The Complaint, and each alleged claim, and the relief sought therein

20 by Plaintiffs, are barred because of the doctrine of equitable estoppel.

21 ### FOURTH AFFIRMATIVE DEFENSE

22 ### (Waiver)

23    4.     The Complaint, and each alleged claim, and the relief sought therein

24 by Plaintiffs, are barred because of the equitable doctrine of waiver.

25 ### FIFTH AFFIRMATIVE DEFENSE

26 ### (Statute of Limitations)

27    5.     The Complaint, and Plaintiff's claims alleged therein, are barred, in

28 whole or part, by the applicable statutes of limitations, including, but not limited to,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

by 17 U.S.C. Section 507(b).

### SIXTH AFFIRMATIVE DEFENSE

#### (Acquiescence)

6.     The Complaint, and each alleged claim, and the relief sought therein by Plaintiffs, are barred because of the equitable doctrine of acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

7.     The Complaint, and each claim alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

### ADDITIONAL AFFIRMATIVE DEFENSES

8.     There may be additional affirmative defenses to the purported claims for relief alleged by Plaintiff that are currently unknown to Defendants.  Therefore, Defendants reserve the right to amend this Answer to allege additional affirmative defenses in the event that discovery or other information indicates they are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, the Poison Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing by way of the Complaint;

2.     That the Poison Defendants be awarded their reasonably attorneys' fees and costs of suit herein; and

3.     For such other relief as the Court may deem just and proper.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60677578.3

- 19 -

ANSWER TO SECOND AMENDED COMPLAINT

1   DATED:  May 3, 2013

**ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.**

By:_____
       Mark D. Passin
       Daniel G. Stone

Attorneys For Defendants
Bruce Anthony Johannesson, Bret Michaels,
Bobby Dall, Rikki Rockett, and Sweet
Cyanide Music, Inc.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60677578.3

- 20 -

ANSWER TO SECOND AMENDED
COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Poison

3   Defendants hereby demand a trial by jury.

4

5   DATED:  May 1, 2013                    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

6

7   By:_____

                                          Mark D. Passin

8                                         Daniel G. Stone

9   Attorneys For Defendants
    Bruce Anthony Johannesson, Bret Michaels,
10  Bobby Dall, Rikki Rockett, and Sweet
    Cyanide Music, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60677578.3                              - 21 -                    ANSWER TO SECOND AMENDED
                                                                 COMPLAINT