# ATTACHMENT TO NOTICE OF APPEAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BILLY McCARTHY, et al., | No. CV 12-2099-MMM (PLAx) |
| Plaintiffs, | **ORDER RE POISON DEFENDANTS' EX PARTE APPLICATION FOR PROTECTIVE ORDER** |
| v. | |
| BRUCE ANTHONY JOHANNESSON, et al., | |
| Defendants. | |

Defendants Johannesson, Michaels, Dall, Rockett and Sweet Cyanide Music, Inc. (hereinafter collectively referred to as the "Poison Defendants") filed an ex parte application on May 1, 2013, seeking an order that, among other things, plaintiff James Stonich ("Stonich") stay at least 100 yards away from the Poison Defendants and others; that Stonich be prohibited from attending all depositions to be taken in this action with the exception of his own deposition; and that depositions take place only at certain specified locations. Stonich filed his opposition on May 2, 2013. A telephonic hearing occurred on May 3, 2013.

The Application revolves around two e-mails sent by Stonich to his former counsel, Joseph Madonia (who is currently counsel for co-plaintiff Billy McCarthy), and to McCarthy himself, in which Stonich made threats against Madonia's life. The Application posits that the e-mails, sent on April 29, 2013, were sent by Stonich in response to information being revealed that Stonich

1    purportedly committed fraud on the Court and gave false deposition testimony in this action, and
2    that Stonich believed that Madonia was responsible for this information being brought to light.
3    Counsel for the Poison Defendants represents that *he* is in fact responsible for uncovering the
4    information that could be damaging to Stonich's case and therefore, based on Stonich's reaction
5    in the e-mails, has reason to fear for himself, his clients, and others.  Stonich in his Opposition
6    does not deny sending the e-mails, but instead argues that "a nasty letter" to prior counsel does
7    not justify the relief sought in the Application, especially where the threats were directed only to
8    former counsel, not to counsel for defendants, defendants themselves, or Stonich's co-plaintiff.[1]
9    He further describes the "volatile communication" that has taken place between Stonich and
10   Madonia and between Stonich and McCarthy; that Madonia has threatened to disclose information
11   to defendants' current counsel; and that the subject e-mails simply "demonstrate extreme anger"
12   toward an attorney who allegedly threatened to disclose confidential information.  Stonich in his
13   declaration represents that his anger was the result of "threats" that Madonia would cooperate with
14   defense counsel if Stonich did not agree to settle the case.  On April 30, 2013, Stonich sent an
15   apology e-mail to Madonia and McCarthy.

16        The Court has reviewed the two e-mails, considered the context in which the comments
17   therein were made, and finds that the language contained therein could certainly cause concern
18   in the recipient.  Whether written out of frustration or anger, and whether made with intention to
19   harm or not, the wording in the e-mails is wholly inappropriate, is oppressive, is at a minimum
20   annoying, and has no place in federal litigation.  Fed.R.Civ.P. 26(c)(1).  This is especially
21   egregious where the offending party has initiated this very case.  Counsel for the Poison
22   Defendants could reasonably infer from the timing and tone of the e-mails that they were sent in
23   response to certain revelations about Stonich's case and, since he was responsible for those
24   revelations, that Stonich's anger could be directed toward him once the true source is known.
25   Accordingly, the Court, having considered the filings of the parties in connection with the

---

[1]    As a result of the e-mails, defense counsel informed counsel for Stonich that previously-scheduled depositions of two defendants would not proceed.

Application, and their arguments and comments at the telephonic hearing, **grants** the Ex Parte Application as follows:

1. Other than with his own counsel, plaintiff James Stonich shall not communicate with any attorney or party to this action, either orally or in writing (including electronically), unless in the presence of at least one counsel.

2. Stonich is prohibited from physically attending any deposition in this action, other than his own deposition, but shall be permitted to attend any deposition through videoconferencing (i.e., by Skype or other means) or teleconferencing.[2]

3. All depositions shall be scheduled for locations mutually agreed upon by counsel, working together in good faith. The parties shall agree upon a schedule for all cancelled depositions, and the remainder of the deposition of Mr. Stonich; these depositions shall occur **no later than May 17, 2013**. The remainder of the Stonich deposition shall be conducted prior to the cancelled depositions.

**IT IS SO ORDERED**.

DATED: May 3, 2013

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[2] Should Stonich desire to attend any deposition via videoconferencing or teleconferencing, his counsel shall be responsible for making all such arrangements prior to the scheduled deposition.

3